```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Dennis Pointer,

    Plaintiff,

  v.                                      Case No. 2:11-cv-0109

Mr. Marc, et al.,             JUDGE JAMES L. GRAHAM
                                          Magistrate Judge Kemp

    Defendants.

<u>OPINION AND ORDER</u>

On July 7, 2011, the Magistrate Judge issued a Report and Recommendation recommending that plaintiff's motion for leave to proceed *in forma pauperis* be denied and that plaintiff be required to pay the full $350.00 filing fee if he wishes to proceed with this case.  Plaintiff Dennis Pointer has objected to that recommendation.  For the following reasons, and after a *de novo* review of the issues raised, the Court will overrule Mr. Pointer's objection and adopt the Report and Recommendation in its entirety.

I.  <u>Background</u>

When Mr. Pointer filed this action, he had had three or more cases or appeals dismissed in the past as frivolous or for failure to state a claim.  <u>See, e.g.</u>, <u>Pointer v. Brown & Williamson</u>, Case No. 1:97-cv-267 (S.D. Ohio); <u>Pointer v. Jorgensen</u>, Case No. 1:00-cv-861 (S.D. Ohio); <u>Pointer v. Lyon</u>, Case No. 1:02-cv-486 (S.D. Ohio).  Consequently, the Magistrate Judge noted that, under the Prison Litigation Reform Act codified at 28 U.S.C. §1915(g), the so-called "three strikes" rule, Mr. Pointer could not proceed *in forma pauperis* unless he was under imminent danger of serious physical injury.

At the time of filing, Mr. Pointer was an inmate at the Chillicothe Correctional Institution.  While Mr. Pointer addressed the issue of imminent danger in his initial motion,

the allegations of his complaint did not address events at the Chillicothe Correctional Institution, but instead related to events at the Allen Correctional Institution.  As a result, the Magistrate Judge was unable to consider the issue without further information.  In order to resolve this matter, the Magistrate Judge ordered Mr. Pointer "to support his request for leave to proceed *in forma pauperis* with an affidavit explaining the course of treatment he has received since he arrived at the Chillicothe Correctional Institution, accompanied by any medical records or grievances related to his claim that he is still being denied treatment in a way that threatens his future health or safety."  See Order (Doc. #6), p. 5.

Despite having been afforded this opportunity, Mr. Pointer did not support his request as directed by the Magistrate Judge.  Instead, Mr. Pointer filed a number of documents all of which related to his incarceration at the Belmont Correctional Institution.  Because Mr. Pointer failed to demonstrate that he was in imminent danger at the time of the filing of his complaint, the Magistrate Judge, in reliance on Vandiver v. Vasbinder, 2011 WL 1105652 (6th Cir. March 28, 2011), and the plain language of §1915(g), recommended that Mr. Pointer be required to pay the entire $350.00 filing fee.

## Analysis

In his filing Mr. Pointer, while acknowledging certain portions of the Report and Recommendation, does not specifically object to any findings.  Rather, his filing could fairly be characterized as an explanation as to why his exhibits related to his incarceration at the Belmont Correctional Institution instead of at the Chillicothe Correctional Institution.  At most, he suggests that the doctors at Belmont were following orders issued by the psychiatrist at Chillicothe.  He also makes brief mention of circumstances he is encountering now that he is housed at the

Lebanon Correctional Institution.  Finally, he asserts that the grievance procedure established by the Ohio Department of Rehabilitation and Correction is arbitrary and capricious and has prevented him from being able to have his concerns addressed.

Initially, the Court notes that objections to a report and recommendation must be specific.  <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995).  Further, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."  <u>Drew v. Tessmer</u>, 36 Fed. Appx. 561 (6th Cir. 2002).  Consequently, Mr. Pointer's objection could be overruled on this ground alone.

On the other hand, even construing Mr. Pointer's filing as raising a specific objection, he has failed to show that he was under imminent danger of serious physical injury as defined by §1915(g) for purposes of his current complaint filed while he was incarcerated at the Chillicothe Correctional Institution.  Under these circumstances, the law is clear: absent allegations of imminent danger, the Court cannot conclude that Mr. Pointer is entitled to proceed *in forma pauperis*.  The Report and Recommendation therefore correctly concluded that Mr. Pointer's motion for leave to proceed *in forma pauperis* should be denied and he should be assessed the full $350.00 filing fee.

For the reasons set forth above, the Report and Recommendation is ADOPTED AND AFFIRMED in its entirety.  Plaintiff's objection is OVERRULED.  Plaintiff shall pay the full $350.00 filing fee within thirty days of the date of this order.  Plaintiff's failure to do so will result in this case being dismissed without prejudice for failure to prosecute and the assessment of the full $350.00 filing fee against the plaintiff.

IT IS SO ORDERED.

Date: July 28, 2011                            s/James L. Graham
                                        James L. Graham
                                        United States District Judge